**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RODESHIA JONES,**

                                        **Plaintiff,**

             **vs.**                                                    **1:13-CV-1214**
                                                                        **(DNH/CFH)**

**CAROLYN W. COLVIN**
**Commissioner of Social Security,[1]**

                                        **Defendant.**

---

---

**APPEARANCES:**                                    **OF COUNSEL:**

Office of Peter M. Margolius                        Peter M. Margolius, Esq.
7 Howard Street
Catskill, New York 12414
*Attorney for Plaintiff*


Social Security Administration                      David B. Myers, Esq.
Office of General Counsel
26 Federal Plaza, Rm. 3904
New York, NY 10278
*Attorney for Defendant*

**Christian F. Hummel, U.S. Magistrate Judge:**

## REPORT-RECOMMENDATION AND ORDER[2]

## INTRODUCTION

Plaintiff Rodeshia Jones, brings the above-captioned action pursuant to 42 U.S.C. § 405(g)

seeking a review of the decision from the Commissioner of Social Security ("Commissioner") that

denied her application for disability insurance benefits ("DIB").

---

[1] On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social Security. Accordingly. Colvin is automatically substituted for the previously named defendant Michael Astrue pursuant to Fed.R.Civ.P. 25(d). The Clerk of the Court is requested to amend the caption accordingly.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

## PROCEDURAL BACKGROUND

On January 20, 2010, plaintiff filed an application for DIB. (T. 173).[3] Plaintiff was 32

years old at the time of the applications with prior work experience as a cashier and truck driver.

(T. 218). Plaintiff claimed that she became unable to work beginning on December 1, 2007 due to

posttraumatic stress disorder, asthma and a toe injury. (T. 216). On May 18, 2010, plaintiff's

application was denied and plaintiff requested a hearing by an Administrative Law Judge ("ALJ"),

which was held on February 24, 2012. Plaintiff appeared with a non-attorney representative. On

March 5, 2012, the ALJ issued a decision denying plaintiff's claim for benefits. (T. 9-25). The

Appeals Council denied plaintiff's review on August 1, 2013, making the ALJ's decision the final

determination of the Commissioner. (T. 1-4). This action followed.

## DISCUSSION

The Social Security Act (the "Act") authorizes payment of disability insurance benefits to

individuals with "disabilities." The Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment . . . which has lasted or can be expected to last for a continuous period of not less than

12 months." 42 U.S.C. § 423(d)(1)(A).

There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is
> not working, (2) that he has a 'severe impairment,' (3) that the
> impairment is not one [listed in Appendix 1 of the regulations] that
> conclusively requires a determination of disability, and (4) that the
> claimant is not capable of continuing in his prior type of work, the
> Commissioner must find him disabled if (5) there is not another type
> of work the claimant can do." The claimant bears the burden of proof
> on the first four steps, while the Social Security Administration bears
> the burden on the last step.

---

[3]"(T.)" refers to pages of the Administrative Transcript, Dkt. No. 8.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (internal citations omitted).

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw*, 221 F.3d at 131. Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since the onset date, June 1, 2010. (T. 14). At step two, the ALJ concluded that plaintiff suffers from the following severe impairments: asthma, impairment of the feet and posttraumatic stress disorder. (T. 14). At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the Listing of Impairments. The ALJ then found that plaintiff had the Residual Functional Capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except, that she can lift and carry twenty (20) pounds occasionally, and ten (10) pounds frequently; stand and walk for about two (2) hours out of eight (8), sit for six (6) hours out of eight (8); can occasionally climb stairs, but cannot climb ladders, ropes or scaffolds. She should avoid concentrated exposure to irritants such as dust, fumes, or strong odors, or to temperature or humidity changes. She is limited simple, routine and repetitive tasks and just occasional interaction with the general public". (T. 16). At step four, the ALJ concluded that plaintiff could not perform her past relevant work. (T. 17). At step five, relying on testimony from a vocational expert and the medical-vocational

guidelines set forth in the Regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ found that

plaintiff had the RFC to perform jobs existing in significant numbers in the national economy.  (T.

20).  Therefore, the ALJ concluded that plaintiff was not under a disability as defined by the

Social Security Act.  (T.21).

In seeking federal judicial review of the Commissioner's decision, plaintiff argues that the

RFC is not supported by substantial evidence because the ALJ does not adequately describe

plaintiff's limitations interacting with others.  Plaintiff relies upon the opinions expressed by the

examining consultant, Dr. Brett Hartman and non-examining consultant, R. Petro.  Plaintiff also

claims that the ALJ erroneously failed to adopt Dr. Hartman's entire opinion despite assigning

"significant weight" to Dr. Hartman's conclusions and further, that the ALJ improperly

disregarded Petro's entire analysis. (Dkt. No. 10).

## I.     Relevant Caselaw

Residual functional capacity is:

> "what an individual can still do despite his or her limitations....
> Ordinarily, RFC is the individual's maximum remaining ability to do
> sustained work activities in an ordinary work setting on a regular and
> continuing basis, and the RFC assessment must include a discussion
> of the individual's abilities on that basis. A 'regular and continuing
> basis' means 8 hours a day, for 5 days a week, or an equivalent work
> schedule."

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999) (quoting SSR 96 8p, Policy Interpretation Ruling

Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims ("SSR 96 8p"), 1996

WL 374184, at *2 (S.S.A. July 2, 1996)). In making the RFC determination, the ALJ must

consider a claimant's physical abilities, mental abilities, symptomology, including pain and other

limitations which could interfere with work activities on a regular and continuing basis. 20 C.F.R.

§ 404.1545(a).  The ALJ must consider all the relevant evidence, including medical opinions and

facts, physical and mental abilities, non-severe impairments, and plaintiff's subjective evidence of symptoms. 20 C.F.R. §§ 404.1545(b)-(e).

Pursuant to 20 C.F.R. § 404.1527(1), every medical opinion, regardless of its source, must be evaluated. However, the "Treating Physician Rule"[4] does not apply to consulting doctors. *See Jones v. Shalala*, 900 F.Supp. 663, 669 (S.D.N.Y. 1995); *see also Limpert v. Apfel*, 1998 WL 812569, at *6 (E.D.N.Y.1998). An ALJ may rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of Social Security disability." *Williams v. Astrue*, 2011 WL 831426, at *11 (N.D.N.Y.2011) (citing 20 C.F.R. §§ 404.1512(b)(6), 404.1513(C), 404.1527(f)(2), 416.912(b)(6), 416.913, and 416.927(f)(2)). The weight afforded a consultative opinion depends upon the thoroughness of the underlying medical examination and the degree of light the opinion sheds on the conflicting assessment of the treating physician. *Gray v. Astrue*, 2009 WL 790942, at *10  11 (N.D.N.Y.2009) (citation omitted). While an ALJ must give "good reasons" if he does not give a treating physician's opinion sufficient weight, there is no similar requirement for consulting physicians. *Id*. (citing *Limpert*, 1998 WL 812569, at *6). If an ALJ relies upon a non-examining reviewer's opinion, that opinion must be supported by the bulk of the record. *See* Social Security Ruling ("SSR") 96  6p, 1996 WL374180, *2 (July 1996); *see also Rocchio v. Astrue*, 2010 WL 5563842, at *14 (S.D.N.Y. 2010).

---

[4] Under the Regulations, a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Rosa*, 168 F.3d at 78–79; *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir.1993).

## II.     Medical Evidence

On April 19, 2010, at the request of the agency, Brett T. Hartman, Psy.D., performed a psychiatric evaluation of plaintiff. Plaintiff reported that she lived with her three children, ages eight, ten and fifteen months. Plaintiff completed her high school diploma after taking regular education classes and completed a program to become a dental assistant. Plaintiff stated that she was last employed in 2007, during which time she held at least six different jobs. Plaintiff had to leave all of those jobs due to child care issues. Plaintiff denied any psychiatric hospitalization or outpatient mental health services. Plaintiff complained of insomnia, fatigue, racing thoughts, sadness, social isolation and poor concentration. Plaintiff reported a history of being raped, abused and abandoned by her father until the age of 10 or 11. Plaintiff stated that she has no close friends and while her family avoids her, she gets along "fairly well" with her father and one sister. Plaintiff spends her day caring for her children, watching television and reading and she is able to shop, do laundry, cook and clean. Upon examination, Dr. Hartman noted that plaintiff's speech was clear and fluent, she was coherent and goal oriented. Plaintiff's affect was anxious and her mood was dysphoric. Plaintiff's attention, concentration and memory were intact and her insight and judgment were fair. Dr. Hartman noted that her intellectual functioning was below average. In a Medical Source Statement ("MSS"), Dr. Hartman opined that plaintiff:

> would be able to follow and understand simple directions and instructions. She is able to perform a variety of simple and rote tasks. She is able to learn new tasks. She has a fair ability to maintain a regular schedule. She has a fair ability to make appropriate decisions at this time. She has mild attention and concentration problems. She has mild difficulty performing complex tasks independently. She has moderate problems relating adequately with others and moderate difficulty dealing appropriately with the normal stresses of life.

Dr. Hartman concluded that plaintiff's, "results appear consistent with psychiatric problems" and diagnosed plaintiff with posttraumatic stress disorder and depressive disorder. Dr. Hartman strongly recommended that plaintiff seek individual counseling and psychiatric intervention. (T. 298).

On April 28, 2010, R. Petro completed a Psychiatric Review Technique and Mental Residual Functional Capacity Assessment at the request of the agency.[5] Petro opined that plaintiff suffered from mild limitations in the following areas: restrictions of activities of daily living and difficulties in maintaining social functioning. Petro concluded that plaintiff suffered from moderate difficulties maintaining concentration, persistence and pace. In the Mental RFC Assessment, Petro noted, plaintiff claims to suffer from PTSD but does not take any psychiatric medication, has not undergone any psychiatric treatment since 2007 and has no history of inpatient treatment. Petro summarized Dr. Hartman's assessment and noted that while plaintiff reported no history of drug or alcohol abuse to Dr. Hartman, the records from the Veterans' Administration revealed "cannabis use disorder" in 2008. With respect to social interaction, Petro concluded that plaintiff suffered from "marked limitations" in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (T. 370). Petro "adopted" the opinions expressed by Dr. Hartman and noted that plaintiff did not suffer from any marked limitations.

III.    Analysis

The ALJ summarized Dr. Hartman's examination and Petro's evaluation. The ALJ assigned "significant weight" to Dr. Hartman's opinion and specifically "adopted" the doctor's

---

[5] On the signature line of the assessment, it lists "R. Petro, Psychology". Petro's speciality and qualifications are not delineated in the record.

conclusions. (T. 18). The ALJ also noted the lack of any "actual or past treatment for her alleged mental condition". (T. 19). The ALJ acknowledged that the record lacked any medical source statement from any treating physician:

> The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. The record contains opinions from non-treating doctors, which supports the residual functional capacity, reached in this decision. (T. 19).

In addition, the ALJ retained an expert to testify at the hearing regarding plaintiff's mental restrictions. Dr. Marieva Puig, a psychologist, reviewed plaintiff's records and noted no history of psychiatric or psychological treatment. Upon questioning by plaintiff's non-attorney representative, Dr. Puig stated:

> Q.  Okay. And would you find any limitations as far as stress in the workplace? I believe you said that the - - again, she had moderate limitations. So I didn't know if - -
>
> A.  Moderate. It's all moderate. There is no marked limitations in any cognitive or emotional areas.

Dr. Puig could not form an independent opinion regarding plaintiff's limitations and would only comment on Dr. Hartman's evaluation. (T. 71). The ALJ gave "significant weight" to Dr. Puig's opinion that claimant would have difficulty doing complex work and should have just occasional contact with the public" and specifically incorporated those limitations into the RFC assessment. (T. 18).

Plaintiff contends that "substantial evidence" supports the conclusion that she cannot interact with co-workers and supervisors. However, not only has plaintiff failed to establish that such "substantial evidence" exists, plaintiff has not cited to any medical opinion or evidence in the record to support that claim. No physician (treating or consulting) opined that plaintiff has any

limitation relating to co-workers or supervisors. Contrary to plaintiff's argument, the ALJ

translated Dr. Hartman's and Dr. Puig's findings into conclusions that are supported by the record.

Drs. Hartman and Puig opined that plaintiff has "moderate" limitations relating adequately with

others and the ALJ specifically incorporated that restriction into the RFC. The ALJ noted

plaintiff's lack of psychiatric treatment and medication. Plaintiff's limitations with respect to the

general public do not automatically include limitations with respect to co-workers and

supervisors. *See e.g. Webb v. Colvin*, 2013 WL 5347563, at \*5 (W.D.N.Y. 2013) (plaintiff was

also found to be able to only "occasionally interact with the public," but there were "no limits [to

interaction] with co-workers or supervisors."). Upon review of the record, the Court finds that the

ALJ's RFC assessment is supported by substantial evidence. Without any contrary evidence

presented by plaintiff, the Court cannot remand this matter on this issue.

## B.     Medical Opinions

Plaintiff argues that the ALJ erroneously rejected portions of Dr. Hartman's opinion while

assigning "significant weight" to the doctor's assessment.

The ALJ is free to rely upon portions of a medical opinion that are "internally consistent

and well-supported by the objective medical evidence" and may reject portions that are

contradicted by the doctor's own observations. *See Santiago v. Colvin,* 2014 WL 718424, at \*19

(S.D.N.Y. 2014). Plaintiff does not cite to any portion of the record that arguably provides

substantial support for Dr. Hartman's "moderate" limitations. At step three of the sequential

analysis, the ALJ discussed Dr. Hartman's opinion relating to plaintiff's social functioning:

> In social functioning, the claimant has mild difficulties. Dr. Hartman
> indicated that she has some problems relating adequately with others,
> but she has not required any mental treatment, and is able to perform
> all the activities on her behalf or her children on a daily basis. She gets
> along with her father and a sister. (T. 15).

9

Moreover, as discussed *supra*, while the ALJ disagreed with Dr. Hartman's assessment of plaintiff's social functioning, he concluded that plaintiff was limited in her ability to interact with the general public. Having explained his decision, with substantial support from the record, the Court finds no error on this issue.

Plaintiff also alleges that the ALJ erred when he failed to mention Petro's opinion or provide any reason for rejecting the opinion. Plaintiff's argument lacks merit. As discussed *supra*, an ALJ is not obligated to provide an explanation for failing to assign weight to a consulting physicians' opinion. Moreover, contrary to plaintiff's claim, the ALJ discussed Petro's opinion at Step 3 of the sequential analysis and specifically referenced Petro's Mental RFC Assessment and Psychiatric Review Technique in his RFC analysis. (T. 15, 18). The Court finds no basis for remand on this issue.

## CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that the Commissioner's decision denying disability benefits be **AFFIRMED** and plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: July 1, 2014
    Albany, New York

Christian F. Hummel
U.S. Magistrate Judge